**ALAI'ASA FILIFILI, Plaintiff**

v.

**LEPOPOLE FAUMUINA, Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 12-90

December 21, 1995

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel:      For Plaintiff, Tautai A.F. Faalevao
               For Defendant, Togiola T.A. Tulafono

Order to Stay Proceedings:

This order concerns the issue of whether we should grant a motion to dismiss for failure to prosecute, because a plaintiff has moved for a continuance based on the absence of a certificate of irreconcilable dispute from the Secretary of Samoan Affairs as required by A.S.C.A. § 43.0302.

## FACTS

Plaintiff Alai`asa Filifili Mailei ("Alai`asa") is the senior matai of the Alai`asa family of Faleniu. Defendant Lepopole Faumuina ("Faumuina") resides on Fanene family land adjoining Alai`asa family land. This matter is, essentially, a boundary dispute in which Alai`asa claims that Faumuina has encroached upon his family land by clearing a portion of the disputed area. The complaint was filed on April 18, 1990. Although Faumuina has meaningfully participated in the action, he has not filed either answer or motion to dismiss under T.C.R.C.P. 12(b). On May 25, 1990, this court issued a preliminary injunction, pursuant to the parties' stipulation, prohibiting the planting of crops on the disputed area, and permitting Faumuina to construct a house thereon, on the condition that the house should be removed at Faumuina's expense if Alai`asa prevails in the lawsuit.

On November 14, 1991, also pursuant to the parties' stipulation, this court requested that the Land and Survey Division of the American Samoa Government retrace the land and indicate the location of the newly constructed house on the survey. The Land and Survey Division had not completed this survey by November 24, 1993, and on that date Alai`asa moved that the Manager of the Land and Survey Division be held in contempt of court. This motion was denied. On October 25, 1994, Alai`asa moved for a continuance of trial in order to complete a survey of the relevant land, which had already begun. This continuance was granted. A later continuance, based on other grounds, moved the trial date to June 29, 1995.

On June 29, 1995, the parties appeared, but Alai`asa' orally moved for a continuance based on the absence of a certificate of irreconcilable dispute from the Secretary of Samoan Affairs. Faumuina then orally moved to dismiss either for failure to prosecute or based on res judicata, citing earlier decisions of this court.

## DISCUSSION

A certificate of irreconcilable dispute from the Secretary of Samoan affairs is plainly a jurisdictional requirement in the sense that this court cannot determine a controversy over communal land unless a certificate is filed. A.S.C.A. 43.0302(a); *Moeisogi v. Falefine*, 5 A.S.R. 2d 131, 132-33 (Land & Titles Div. 1987). The only specific exception to this requirement is that a certificate "may not be required prior to the issuance

of a temporary restraining order . . . to prevent the occurring of irreparable harm." A.S.C.A. § 43.0302(b); *Moeisogi*, 5 A.S.R.2d at 133. However, we may also make other interlocutory orders as we think appropriate, A.S.C.A. § 43.0304, particularly when "strict compliance with any rule of practice or procedure may be inequitable or inconvenient." A.S.C.A. § 3.0242(b); *Moeisogi*, 5 A.S.R.2d at 133.

■ Where the requirement of a certificate of irreconcilable dispute has not been satisfied, it is not necessary to dismiss the case. *Id.* at 133. As a matter of equity and convenience, we will take this course of action rather than an outright dismissal because of the protracted nature of this dispute, and the amount of time and resources it has already consumed.

It does strike us as a bit odd, however, that Alai`asa moved for a continuance on the day scheduled for trial, based on his own failure to comply with jurisdictional prerequisites which he has had five years to satisfy. While Alai`asa changed counsel in 1993, his new counsel had some 18 months to correct this oversight before the June trial date. In addition, a prior motion for a continuance was founded on Alai`asa's desire to complete a survey of the relevant property, and we have no indication that he has used the extra time which he was granted to secure the survey. In light of the foregoing facts, we are inclined to grant the motion to dismiss for failure to prosecute if we see any evidence of further procrastination on Alai`asa's part. *See* T.C.R.C.P. 41(b).

We will not address the motion to dismiss based on res judicata at this time.

## ORDER

1. Proceedings in this action are stayed for a period of four months from the entry of this order, except to obtain orders as may be necessary to prevent irreparable damage, to enforce any existing order, or to achieve other appropriate, interim objectives.

2. Alai`asa shall, if the dispute before the Secretary of Samoan Affairs remains unresolved, obtain and file with the court a certificate of irreconcilable dispute, as required by A.S.C.A. § 43.0302, before the end of the stay. If Alai`asa fails to satisfy this condition within the prescribed period, this action shall be automatically dismissed for failure to prosecute.

3. If a certificate of irreconcilable dispute is filed before the end of the stay, Faumuina shall have 10 days to file a written answer to the complaint or a written motion to dismiss to the complaint, pursuant to T.C.R.C.P. 12(b).

4. Alai'asa shall also be afforded four months from the entry of this order to complete, at his initial expense, a survey of the relevant land, sufficient for use at trial. If he fails to do so, trial shall proceed without benefit of the survey, even if the survey is later completed. Faumuina may also move, in writing, to dismiss this action based on Alai'asa's failure to complete the survey.

5. Faumuina, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, are enjoined from interfering in any manner whatsoever with the surveyor and his crew performing Alai'asa's survey.

6. The preliminary injunction of May 25, 1990, shall remain in force and effect until a final order issues, or until dismissal of this case.

It is so ordered.